**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DREKE BIN BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:24-cv-00806-HEA |
| | ) |
| LT. UNKNOWN GAYDEN et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff Dreke bin Bey's Complaint under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will grant Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs and will assess an initial partial filing fee of $7.56. However, the Court will deny Plaintiff's Motion for Appointment of Counsel and Motion for Default Judgment. Further, Plaintiff will be required to submit an amended complaint on the enclosed form in accordance with the instructions provided herein.

**Application to Proceed Without Prepaying**

Plaintiff is incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. (ECF No. 1). He seeks leave to pursue this action without prepaying fees or costs. (ECF Nos. 2, 4).

Generally, federal courts must collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis ("IFP").

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

In support of his second Application, Plaintiff has submitted an account statement that reflects transaction activity from June 8, 2023, to July 9, 2024. (ECF No. 5). The statement reflects an average deposit of $37.78 for the for the six-month period preceding his Complaint. Accordingly, the Court will assess an initial partial filing fee of $7.56, representing 20% of Plaintiff's average deposit over that time.

### Standard of Review Under 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

2

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations relating to his conditions of confinement at the St. Louis City Justice Center. He names as

3

defendants Lieutenant Unknown Gayden and Captain Unknown Fowelkes in their individual and official capacities.

Plaintiff alleges that on April 18, 2024, he was "assault[ed] with military grade chemical munitions" before being placed in a "filthy" solitary confinement cell. He contends that he was required to fashion cleaning rags from a larger towel and to use personal hygiene products to clean the cell's walls, bunk, and toilet. Due to infrequent laundry service, Plaintiff asserts that he was forced to wash his clothes in the toilet. He further alleges that soap and toilet paper were scarce, and that he was required to use the same sheet, blanket, jumpsuit, and towels for thirteen days.

Plaintiff states that correctional staff did not respond to the intercom button in his cell. He further alleges that he was required to shower and use the telephone while in wrist and ankle restraints. According to Plaintiff, he was denied access to books, media, the law library, stamps, and envelopes.

Plaintiff asserts that after spending 28 days in solitary confinement without any disciplinary write-up or opportunity to appeal, staff moved him to the Special Housing Unit. He states that he is currently assigned to a cell on tier one, despite having repeatedly informed staff of his epilepsy and corresponding cell requirements. He further states that in 2018, he suffered a seizure and fell down a flight of stairs, an incident he claims to have reported to staff. Despite this history, Plaintiff alleges that staff have ignored his requests for reassignment.

Plaintiff next claims that on May 24, 2024, he slipped on a set of stairs, twisting his ankle and bruising his knee. He asserts that he requested medical attention but was never evaluated. Additionally, Plaintiff alleges that he submitted requests for a "veggie tray" three months ago to no avail.

4

In conjunction with his Complaint, Plaintiff has submitted copies of several grievances that he filed at the Justice Center. These grievances address additional aspects of his confinement, including the alleged wrongful termination of his job as a barber, lack of access to religious materials, interference with his religious expression, improper cell raids, punitive lockdowns, and unfounded disciplinary write-ups.

For relief, Plaintiff requests: (1) reinstatement of his barber position with one-year's backpay, (2) an injunction against further harassment and retaliatory acts, (3) transfer to a different housing facility, (4) complete copies of the Inmate Handbook and staff policies, (5) $50,000 in compensatory damages from each Defendant, (6) $25,000 in punitive damages from Defendant Gayden, and (7) $10,000 in punitive damages from Defendant Fowelkes.

**Discussion**

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of multiple defendants in a single lawsuit if the plaintiff's claims arise from the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a). Unrelated claims against different defendants must be filed in different suits. This rule is particularly relevant in IFP prisoner litigation, as it helps ensure compliance with the PLRA, which limits the number of frivolous suits or appeals a prisoner may file. *See* 28 U.S.C. § 1915(g).

Plaintiff's Complaint violates Rules 8 and 20. First, the Complaint and corresponding attachments defy Rule 8's "short and plain statement" requirement. Instead of clear allegations, the documents present a sprawling narrative that is neither simple nor concise. Second, the Complaint improperly joins Defendants Gayden and Fowelkes without satisfying Rule 20's prerequisites. Plaintiff has not shown that his claims arise from the same transaction or occurrence, nor has he identified any common question of law or fact linking his claims. Indeed, many allegations

describe separate acts by different defendants on distinct dates—suggesting that Plaintiff's claims lack any meaningful connection. Simply put, Plaintiff's stream-of-consciousness allegations appear to be unrelated.

Because the Complaint violates Rule 8's pleading standards and Rule 20's joinder requirements, Plaintiff must file an amended complaint that addresses these deficiencies in accordance with the following instructions:

### Organization and clarity

Plaintiff's current Complaint consists of a lengthy, disorganized narrative. Rule 8(a) requires a short and plain statement of the claim showing that Plaintiff is entitled to relief. The allegations must be simple, concise, and direct.

Plaintiff shall file his amended complaint using the attached form. He may attach additional pages, if necessary. He shall organize his allegations into clear, numbered paragraphs. Each paragraph should address a specific claim or event in a logical and coherent manner, with a clear connection to the legal claims asserted.

### Joinder of defendants

Plaintiff names two defendants in this action. Under Rule 20(a), multiple defendants may only be joined in a single action if the claims against them arise from the same transaction or occurrence and share a common question of law or fact. The Complaint as written does not meet this standard. If Plaintiff opts to name more than one defendant in his amended complaint, he shall limit the complaint to claims that arise from the same incident or series of incidents. Claims that involve unrelated events or incidents should be filed in separate lawsuits.

6

**Identification of claims**

Plaintiff shall identify, to the best of his ability, the specific legal claims he is asserting, and shall link each claim to the appropriate facts. If Plaintiff is suing multiple defendants, he must establish each defendant's responsibility for the alleged harm. That is, for each defendant, Plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted). To the extent possible, Plaintiff should clearly specify whether his claims relate to conditions of confinement, excessive force, retaliation, or other civil rights violations.

**Amended complaint replaces the original**

An amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

**Review under 28 U.S.C. § 1915**

Because Plaintiff is proceeding IFP, the Court will review the amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form

within 30 days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 3). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor the legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## Motion for Default Judgment

Plaintiff also moves for default judgment. (ECF No. 6). However, he has not yet paid the initial partial filing fee, filed a complaint that survives initial review under 28 U.S.C. § 1915, or served Defendants. Accordingly, the Court denies the motion as meritless and premature.

8

## Conclusion

For the foregoing reasons, the Court will grant Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs and will assess an initial partial filing fee of $7.56. However, the Court will deny Plaintiff's Motion for Appointment of Counsel and Motion for Default Judgment. Plaintiff will be required to submit an amended complaint on the enclosed form in accordance with the instructions provided herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $7.56 **within thirty (30) days** of the date of this order. Plaintiff must make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's first Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 6) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and return the form in accordance with the Court's instructions **within thirty (30) days** of the date of this order.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 5th day of March, 2025.

                                                HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE