UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DREKE BIN BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00806-HEA |
| | ) | |
| LT. UNKNOWN GAYDEN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff Dreke bin Bey's Amended Complaint under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will dismiss the Amended Complaint without prejudice.

**Background**

In its previous Order, the Court found that Plaintiff's Complaint violated Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 7). Specifically, the Complaint failed to comply with Rule 8's "short and plain statement" requirement and improperly joined unrelated claims against multiple defendants in violation of Rule 20. *Id.* In consideration of Plaintiff's self-represented status, the Court granted him thirty (30) days to file an amended complaint correcting these deficiencies and provided specific instructions regarding form and content. *Id.* Plaintiff has since filed an Amended Complaint, which is now before the Court.

**Legal Standard on Initial Review**

Because the Court has granted Plaintiff's motion for leave to proceed in forma pauperis (ECF Nos. 4, 7), his Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## The Amended Complaint

Although Plaintiff has substituted Deputy Commissioner Spears in place of Captain Unknown Fowelkes, the Amended Complaint otherwise mirrors the original. Plaintiff again names two defendants—Lieutenant Unknown Gayden and Deputy Commissioner Spears—and asserts similar allegations regarding his confinement at the St. Louis City Justice Center. Because the substance of the claims remains materially unchanged, the Court will not reiterate the factual allegations here.

## Discussion

As the Court previously explained, Rule 20(a)(2) of the Federal Rules of Civil Procedure permits the joinder of multiple defendants only when the claims arise out of the same transaction or occurrence and involve at least one common question of law or fact. Unrelated claims against separate defendants must be brought in individual lawsuits.

Despite the Court's specific guidance, Plaintiff again attempts to join claims against two defendants without satisfying the requirements of Rule 20. Several of the incidents described in the Amended Complaint appear to be entirely unrelated, both factually and temporally, and do not seem to involve either named defendant. Plaintiff has not shown that his claims arise from the same transaction or occurrence, nor has he identified any common question of law or fact linking the alleged events. As such, joinder remains improper.

The Court further finds that the Amended Complaint continues to violate Rule 8 by failing to present a short and plain statement of the claim. Plaintiff provides a sprawling and disorganized narrative, making it difficult to discern the precise nature of the claims or the relief sought.

While the Court does not discount the seriousness of the allegations raised, Plaintiff's self-represented status does not excuse him from compliance with the Federal Rules of Civil Procedure. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Plaintiff remains free to pursue his claims in separately filed actions that conform to the applicable rules.

## Conclusion

In light of the continued failure to comply with Rules 8 and 20, and after having been given an opportunity to amend, the Court finds that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 16th day of April, 2025.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE